13  199
53L 222
13  199
54L 559
13  199
55L  49
13  199
57  893

# THE TRENTON WATER POWER COMPANY vs. ROBERT CHAMBERS.

In practice commissioners and others appointed to appraise damages and value lands taken by incorporated companies by force of their charters have frequently, if not uniformly, united the value of the land and the damages in the same sum without discrimination.

The better practice would be to distinguish the value of the land from the damages.

It is well settled that the appraisement includes prospective damages resulting naturally and directly from the works of the company for all time to come.

*Gummere* and *Dayton*, for complainants.

*Beasley*, for defendant.

THE CHANCELLOR. The first exception to the master's report is, that it is not made in conformity to the order of reference.

By the decretal order in the cause, the master was directed to make a just and equitable estimate and appraisement of the value of the defendant's lands at the time of their being taken by the complainants, and of the damages sustained by the defendant by reason of the taking of the said lands. The master, by his report, states as follows: "I do estimate the value of the lands so taken, and the damages sustained by reason of such taking at the time of such taking, at the sum of one thousand seven hundred and twenty dollars. The master has reported

no separate estimate of the value of the lands and appraisement of damages. I am not satisfied that this is a material departure from the requirements of the order. The terms of the order are in conformity with the terms of the charter of the company making provision for compensation to the landholder. I think it will be found that where lands have been taken by condemnation for public use under provisions of charters similar to the present, the report of the commissioners appointed to value the land and appraise the damages and the verdict of the jury, where a feigned issue has been directed, have very frequently if not uniformly united the value of the land and the damages in the same sum without discrimination. It cannot be denied that this mode of confounding the value of land taken and the amount of damages sustained may, as in fact it does in this case, create serious embarrassment in testing the propriety and accuracy of the master's report. The better practice would certainly be to distinguish between the value of the land and the damages.

There is another inaccuracy in the report which, if it were permitted to stand, might be productive of future embarrassment. The order directs the master to make an estimate and appraisement of the value of the lands at the time they were taken and of the damages sustained. The master reports that he has estimated the value of the lands taken, and the damages sustained by reason of such taking, at *the time* of the taking. But the *damages* appraised are not to be limited to the *time* of the taking. It is well settled that the appraisement includes prospective damages, resulting naturally and directly from the work of the complainants, for all time. *Ten Eyck* v. *The Del. and Rar. Canal Co.*, 3 *Harr.* 200; *Van Schoick* v. *The Del. and Rar. Canal Co.*, *Spencer* 249; *Del. and Rar. Canal Co.* v. *Lee*, 2 *Zab.* 243.

It may perhaps be inferred, from the language of another part of the report, that this statement is a mere

verbal inaccuracy, and as such open to correction or explanation.

The next ground of exception is, that the report is for a larger amount than is warranted by the evidence. This exception is well taken. The defendant's land has been taken by condemnation without his consent for the use of the complainants. He is entitled to receive full and adequate compensation for the land and for his damages. But the report of the master is excessive in amount, and cannot be sustained by any fair view of the evidence. The report must be set aside. I deem this a case peculiarly proper for the consideration of a jury, although the matter was originally referred to a master by consent of parties. I will, if either party now desires it, direct an issue to ascertain the value of the land and damages.

Twenty days will be allowed, within which the parties may make their election.